IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRANDON BROWN**                                                                                                                                 **PLAINTIFF**

**v.**                                             **No. 4:23CV108-JMV**

**WARDEN LUIS ROSA, JR., ET AL.**                                       **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Brandon Brown, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. *See* 42 U.S.C. § 1997e. Title 42 U.S.C. § 1983 provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated his Eighth Amendment rights by: (1) failing to ensure his safety by having a functional call button in his cell; (2) failing to make rounds every 30 minutes; and (3) denying him adequate medical attention after he suffered a seizure. Doc. 1 at 6.

On October 10, 2023, the court ordered [15] the plaintiff to show cause, within 21 days, why the instant case should not be dismissed for failure to state a claim upon which relief could be granted. The plaintiff responded [18] to the order (simply recapitulating his allegations) and the matter is ripe for resolution. For the reasons set forth below, the court finds that the plaintiff failed to show cause, and the instant case will be dismissed with prejudice for failure to state a valid § 1983 claim.

**Factual Allegations**

The plaintiff is a federal inmate who, during the period relevant to this case, was housed in the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi. Doc. 1 at 5.

He alleges that on May 10, 2023, at about 11:00 p.m., he suffered a seizure in his cell and fell unconscious. *Id.* When he regained consciousness, he pressed the call button repeatedly, but it did not work. *Id.* Though officers were supposed to make rounds every 30 minutes to check on the inmates, no one did so. Doc. 3 at 1. Brown attempted to stay awake, but the seizure had left him too weary to kick the door or continue pushing the call button. *Id.* He went to lay down, instead – and was unable to summon assistance until the next meal call, some 5 hours later. *Id.*

Later that day (May 11, 2023), the plaintiff felt more rested and functional, and he submitted an emergency grievance noting that none of the emergency call buttons worked in his unit. *Id.* He confirmed that the call buttons were not operational by testing one in another cell – with no response from prison guards. *Id.* at 2. He filed another emergency grievance that same day. *Id.* On May 15, 2023, he was moved to a building with functional call buttons, but no one manned the control area to receive the call signal if a button were pressed. *Id.*

The plaintiff has listed three claims arising out of these events: (1) failure to ensure his safety by having a functional call button in his cell; (2) failure to make rounds every 30 minutes; and (3) denial of medical attention after his seizure. Doc. 1 at 6. He has named the following defendants: Luis Rosa, Jr. (Warden, TCCF), United States Marshal Service ("USMS"), Andrew Hamilton (Chief of Security, TCCF), and Director Peters of the U.S. Bureau of Prisons ("BOP"). Doc. 1 at 2-3.

## Discussion

None of the plaintiff's allegations state a valid claim for relief under 42 U.S.C. § 1983. First, a prisoner has no constitutional right to a call button in his cell. Similarly, the plaintiff has not shown that, under federal law, prison guards must make rounds at a specific interval. Third, the plaintiff has not alleged that he suffered harm arising out of the delay in receiving medical treatment, as the presence of a functional call button would not have prevented his seizure or

reduced its effects. Nor has he identified any defendant whose actions or omissions showed deliberate indifference to his serious medical needs, constituting " 'unnecessary and wanton infliction of pain' ". *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). In addition, the plaintiff has not shown how the USMS or the BOP had any connection with the condition of the call buttons in the cells at TCCF.

## No Named Defendant Was Personally Involved in the Alleged Violations

The plaintiff has named the following defendants: Luis Rosa, Jr. (Warden, TCCF), United States Marshal Service ("USMS"), Andrew Hamilton (Chief of Security, TCCF), and Director Peters of the U.S. BOP. Doc. 1 at 2-3. For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff has not alleged that Warden Rosa, the USMS, TCCF Chief of Security Hamilton, or BOP Director Peters were involved in the events surrounding his seizure, the response to it, or the alleged denial of medical care afterwards. In addition, neither the USMS nor the BOP (both federal agencies) have any involvement in the operation of the call buttons at TCCF, a privately run prison. As such, his allegations against these defendant must be dismissed for failure to state a claim upon which relief could be granted.

## Denial of Medical Treatment

The plaintiff alleges that the defendants failed to provide him with adequate medical treatment after he suffered a seizure. Doc. 1 at 5. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate

indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

In cases such as this, arising from delayed medical attention, rather than a denial of medical treatment, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, the plaintiff has alleged no harm from the response to his seizure – other than fatigue:

> Still suffering the after[effects] of the seizure[,] I was tired and went to lay down. I eventually dozed off to sleep.

Doc. 3 at 1. After waking up five hours later, the plaintiff had begun to recover:

> I was awaken[ed] by the sound of … [a] … voice yelling "Chow call, come get your trays." At this point 5 hours had passed.
>
> With some rest & feeling more functional on May 11th 2023 I submitted an emergency grievance pertaining to how none of the emergency call buttons worked in [his unit].

*Id*. Fatigue does not rise to the level of "substantial harm" necessary to sustain a claim of denial of medical care. In addition, the plaintiff has not shown that the defendants were deliberately indifferent; the inoperative status of the call buttons does not show that the defendants were "subjective[ly] reckless[] as … [defined] in the criminal law" regarding the plaintiff's serious medical needs. *See Farmer, supra*, at 837. As such, Brown's claim regarding denial of adequate medical treatment must be dismissed for failure to state a valid claim under 42 U.S.C. § 1983.

## Conclusion

For the reasons set forth above, the plaintiff's allegations regarding the inoperative call buttons and the prison guards waiting too long between rounds must be dismissed for failure to state a claim upon which relief could be granted. In addition, as the plaintiff suffered no harm from the alleged delay in medical treatment for his seizure, these allegations will also be dismissed for failure to state a valid § 1983 claim. Further, as none of the defendants was involved in the delay in medical treatment, this allegation will likewise be dismissed for failure to state a constitutional question. Finally, as the USMS and BOP had no influence on the condition of the call buttons at TCCF, the plaintiff's allegations against them regarding the call buttons will be dismissed with prejudice. In sum, the instant case will be dismissed with

prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of November, 2023.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE